UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Civil Action No. 02 C 4822 |
| | ) | |
| BDO SEIDMAN, LLP, regarding | ) | Hon. James F. Holderman |
| IRS examination of BDO Seidman, | ) | |
| LLP, | ) | |
| | ) | |
| Respondent. | ) | |

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that on April 8, 2003, at 9:00 a.m. or as soon thereafter as counsel may be heard, counsel for the United States will appear before Judge Holderman in the courtroom usually occupied by him in the Everett McKinley Dirksen Building, 219 S. Dearborn Street, Chicago, Illinois, 60604, or before such other judge who may be sitting in his place and stead, and then and there present United States' Motion to Compel Compliance with Order of Production and for an Order to Produce Documents Withheld Upon Claims of Privilege.

PATRICK J. FITZGERALD
United States Attorney

CRAIG OSWALD
Assistant U.S. Attorney

JOHN LINDQUIST
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6561

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that a copy of the foregoing NOTICE OF MOTION was served by facsimile and overnight mail this March 31, 2004, upon the following:

>Lawrence M. Hill, Esquire
>Dewey Ballantine LLP
>1301 Avenue of the Americas
>NY, NY 10019
>(212) 259-8331 (F)
>
>_____
>JOHN LINDQUIST (DC 391819)
>Trial Attorney, Tax Division
>U.S. Department of Justice
>P.O. Box 55
>Ben Franklin Station
>Washington, D.C. 20044
>Telephone: (202) 307-6561

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**
APR 0 9 2004

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Civil Action No. 02 C 4822 |
| | ) | |
| BDO SEIDMAN, LLP, regarding | ) | Hon. James F. Holderman |
| IRS examination of BDO Seidman, | ) | |
| LLP, | ) | |
| | ) | |
| Respondent. | ) | |

FILED
MAR 3 1 2004
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

### UNITED STATES' MOTION TO COMPEL COMPLIANCE WITH ORDER OF PRODUCTION AND FOR AN ORDER TO PRODUCE DOCUMENTS WITHHELD UPON CLAIMS OF PRIVILEGE

The United States hereby moves to compel respondent BDO Seidman, LLP ("BDO") to comply with the Court's order of production dated October 21, 2002, and for an order directing BDO to produce all documents identified in the logs filed by it on October 4, 2002.

First, the United States seeks an order directing BDO to produce all documents which it withheld from production on November 3, 2002, without leave of court. By Order dated September 5, 2002, BDO was directed to file a privilege log on or before October 3, 2002, identifying all documents which it asserted were privileged. [Doc. 17] On October 4, 2002, BDO filed four privilege logs, listing a total of one-thousand-one-hundred and sixty-five (1,165) documents as privileged. [Doc. 20] By order dated October 21, 2002, the District Court directed that on or before November 4, 2002, BDO was to produce to the United States all summoned documents, except for those identified in the logs filed October 4, 2002. [Doc. 30] On November 27, 2002, without leave or any further direction from the Court, BDO filed a Supplemental Log of Privileged Documents which disclosed that it had withheld from the November 4, 2002 production, two-thousand-five-hundred and thirty-seven (2,537) additional responsive documents. [Doc. 61] None of these 2,357

101

documents were included by BDO on its October 4 logs. The Court should order BDO to immediately produce any document not identified on the October 4 logs.

Second, the United States seeks an order directing BDO to produce all the documents listed on the October 4 logs, insofar as none of these documents are privileged. As detailed in the petition to enforce [Docs. 1-3], Memorandum in Support of Petition with attachments [Doc. 21], United States' Memorandum in Opposition to Respondent's Claims of Privilege [Doc. 32] and Response [Doc. 41] and the declaration of Sandra Alvelo filed herewith, BDO is clearly in the business of organizing and selling potentially abusive tax shelters, along with co-promoters. As explained in the accompanying memorandum, none of the documents in issue are protected under the statutory taxpayer-tax practitioner privilege of 26 U.S.C. §7525, nor are they protected under the attorney-client privilege, including the *Kovel* doctrine, or as work-product created in anticipation of litigation.

Alternatively, assuming *arguendo*, that any of the summoned information is a communication which is otherwise privileged, the Court should conduct an *in camera* review of the materials to determine whether the crime-fraud exception voids the claims of privilege. Here, the facts suggest that BDO's "clients" communicated with BDO (and others) for the purpose of engaging in transactions which would purportedly result in large tax losses, to shelter from tax other income which would otherwise be subject to tax. The facts also suggest that the communications included representations of business purpose which the "clients" and/or BDO knew to be without foundation. The facts also suggest that BDO was working with others to aid and assist in the filing of false tax returns in promoting these tax shelters and, in some cases, preparing the returns which claimed the purported losses or other tax deductions.

In performing an *in camera* review with respect to the claims of privilege asserted on behalf of BDO's clients, the Court should look for indications that (1) BDO's "clients" communicated with BDO to engage in transactions that involved a pre-arranged series of steps which eliminated risk and/or potential profit, and

lacked purpose beyond obtaining tax savings, or (2) the representations the "clients" made to BDO or to others to obtain the legal opinions could not be true because of the economics of the transaction, or because the "client" did not understand enough about the transaction to know whether the representations were true or false, or (3) BDO knew or had reason to know that the "client" had no business purpose for, or did not understand, the transaction. In performing an *in camera* review with respect to claims of privilege asserted on BDO's own behalf, the Court should look for indications that BDO made false representations to its "clients" about the validity of the transaction or that BDO, with others, was aiding and assisting in the filing of false tax returns.

A memorandum of law is being filed in support of this motion, as well as the Declaration of Sandra Alvelo and a Supplemental Consolidated Appendix of Exhibits.

PATRICK J. FITZGERALD
United States Attorney

CRAIG OSWALD
Assistant U.S. Attorney

JOHN LINDQUIST
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6561

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that a copy of the foregoing UNITED STATES' MOTION TO COMPEL COMPLIANCE WITH ORDER OF PRODUCTION AND FOR AN ORDER TO PRODUCE DOCUMENTS WITHHELD UPON CLAIMS OF PRIVILEGE was served by facsimile and overnight mail this March 31, 2004, upon the following:

Lawrence M. Hill, Esquire
Dewey Ballantine LLP
1301 Avenue of the Americas
NY, NY 10019
(212) 259-8331 (F)

_____
JOHN LINDQUIST (DC 391819)
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6561