

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Petitioner, | ) |
| v. | ) No. 02 C 4822 |
| BDO SEIDMAN, LLP, | ) |
| Respondent, | ) |
| and | ) |
| ROBERT S. CUILLO, et. al., | ) |
| Intervenors. | ) |

## MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge:

Petitioner United States of America ("government"), filed a motion on December 16, 2004 requesting this court to reconsider its ruling of June 2004. (Dkt. No. 152). This court's June 2004 decision held that the attorney-client and/or work product privilege protected BDO Seidman, LLP ("BDO"), from having to disclose 106 documents to the IRS. United States v. BDO Seidman, LLP, No. 02 C 4822, 2004 WL 1470034 (N.D. Ill. June 29, 2004); (Dkt. No. 127). The IRS has been seeking the enforcement of twenty civil summonses in this court against BDO and BDO's clients. For the reasons set forth below, this court denies the government's motion for reconsideration.

## BACKGROUND

The government's motion addresses document number 95, a memorandum written by BDO principal Michael Kerekes, ("Kerekes Memorandum"). According to the privilege log originally

submitted by BDO on April 30, 2004, the Kerekes Memorandum was addressed to and copies were also provided to various BDO partners, employees and outside counsel. (Dkt. No. 109). BDO asserted both the attorney-client and work product privilege for the document.

The Kerekes Memorandum at some point made its way to the law firm of Jenkens & Gilchrist, ("J&G"). The government's motion for reconsideration argues that Robert Greisman, ("Greisman"), a BDO partner and listed as a recipient of the Kerekes memorandum on the April 30th privilege log, faxed a copy of the memo to Donna Guerin, ("Guerin"), a J&G attorney and shareholder. Guerin is not listed as a recipient of the memorandum on the privilege log. J&G then allegedly disclosed the document during a preliminary settlement of a related class action lawsuit brought by former clients and then later in response to IRS summonses in a different matter. The government argues that BDO provided the Kerekes memorandum to J&G and this disclosure, along with J&G's disclosure to outside individuals in the other suits, waived any privilege. BDO denies sending the memorandum to J&G, or in the alternative, any disclosure to J&G was incidental and not an intentional attempt to waive the privilege. The government also argues that the Kerekes memorandum supports the government's crime fraud argument and therefore the court should reconsider its prior rejection of the application of the crime fraud exception to strip BDO of the attorney-client and work product privileges.

## STANDARD OF REVIEW

A court may address a motion to reconsider when the court has not entered a final judgment in the matter. See Ramada Franchise Sys., Inc. v. Royal Vale Hospitality of Cincinnati, Inc., No. 02 C 1941, 2004 WL 2966948 (N.D. Ill. Nov. 24, 2004) (discussing a district court's authority to reconsider its prior interlocutory decisions). "Motions to reconsider do not exist in order to allow

2

parties to 'rehash' the same arguments." Rosby Corp. v. Stoughton Trailers, Inc., No. 95 C 511, 2004 WL 1462244, at *3 (N.D. Ill. June 28, 2004) (citing Quaker Alloy Casting Co. v. Gulfco Indus., Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1998)). A court should reconsider its prior decision if "(1) the court has patently misunderstood a party; (2) the court has made a decision outside the adversarial issues presented to the court by the parties; (3) the court has made an error not of reasoning but of apprehension; (4) there has been a controlling or significant change in the law since the submission of the issue to the court; or (5) there has been a controlling or significant change in the facts since the submission of the issue to the court." Ramada Franchise Sys, Inc., No. 02 C 1941, 2004 WL 2966948, at *3 (citing Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185, 1191 (7th Cir. 1990)).

## ANALYSIS

A. Preliminary Matters

The court pauses to discuss three preliminary matters in order to shape and narrow the issues that the court needs to evaluate in deciding the government's motion to reconsider. First, the government does not challenge the court's conclusion in its June 2004 decision that the Kerekes memorandum is covered under the prima facie definition of the attorney-client privilege. The government's argument is that the court was unaware when it made its original June 2004 decision of the unauthorized disclosure to a third party by BDO that allegedly destroyed the privilege.

Additionally, the court will not consider the government's arguments in its motion as they relate to whether to apply the crime fraud exception to the attorney-client privilege. The court believes that the government is merely "rehashing" its prior arguments on the crime fraud exception that the government has already made before the court, and this court considered, before the court's

3

June 2004 ruling. The court has considered and rejected those arguments when it performed an in camera review of each document, including the Kerekes Memorandum, before issuing its June 2004 decision. The contents of the Kerekes memorandum might be new to the government, but it is not new to the court.

Lastly, the court must mention Federal Rule of Evidence 408 and whether it might have potential impact on the present issue. The government points the court's attention to Judge Scheindlin's decision in Denney v. Jenkens & Gilchrist. – F. Supp. 2d –, 2004 WL 2712200 (S.D.N.Y. Nov. 23, 2004). That case held that BDO had waived its privilege when it disclosed the Kerekes memorandum to J&G. The Denney case was the second case to consider this exact issue of whether privilege has been waived on the Kerekes memorandum by the disclosure to J&G. Judge Joyner evaluated these arguments and arrived at the opposite conclusion a month earlier in Miron v. BDO Seidman, LLP. 04-968, 2004 U.S. Dist. Lexis 22101 (E.D. Pa. Oct. 19, 2004).

The Denney court noted that the Kerekes memorandum was disclosed by J&K to the plaintiffs during preliminary settlement negotiations. Judge Scheindlin's did not discuss Federal Rule of Evidence 408 and whether any impacts from the disclosure might be impacted by Rule 408. However, since this court is declining to follow Judge Scheindlin's decision, this court need not consider any potential application of Rule 408.

B. Waiver of the Attorney-Client Privilege

The only issue for this court to decide on the present motion for reconsideration is whether the alleged fax transmission from Greisman at BDO to Guerin at J&G was sufficient to waive the privilege. The court finds that there was no waiver of the privilege.

"The attorney-client privilege is based on a principle of confidentiality in order to enable

attorneys to properly advise their clients. The purpose of the privilege is to encourage clients to make full disclosure to their attorneys." Vardon Golf Co., Inc. v. Karsten Mfg. Corp., 213 F.R.D. 528, 532 (N.D. Ill. 2003) (citations omitted)

"The client is the holder of the attorney-client privilege and once a client discloses confidences to a third party, the privilege is deemed waived." Eagle Compressors, Inc. v. HEC Liquidating Corp., 206 F.R.D. 474, 477 (N.D. Ill. 2002). "Likewise, a client can waive the privilege by producing similar documents in response to a discovery request." Christman v. Brauvin Realty Advisors, Inc., 185 F.R.D. 251, 255 (N.D. Ill. 1999) (citations omitted).

Judges in this district have used three different tests to determine whether an inadvertent disclosure by a client to a third party also deprives the client of the privilege. These approaches are "(1) holding that nearly any disclosure of the communication waives privilege; (2) holding that unintentional disclosure cannot waive the privilege; or (3) deciding pursuant to a case-by-case balancing test whether the circumstances of the inadvertent disclosure warrant a finding that the privilege has been waived." Sanner v. Board of Trade of City of Chicago, 181 F.R.D. 374, 379 (N.D. Ill. 1998) (citing collection of cases).

Additionally, an intentional disclosure to a third party does not waive the privilege if (1) the disclosure is for the purpose of assisting the attorney in rendering legal advice or (2) the third party shares a common legal interest with the party claiming the privilege. SmithKline Beecham Corp. v. Pentech Pharm., Inc., No. 00 C 2855, 2001 WL 1397876, at *1 (N.D. Ill. Nov. 6, 2001). "The common interest doctrine is not an independent source of confidentiality. Rather, it simply extends the protection afforded by other doctrines, such as the attorney-client privilege." McNally Tunneling Corp. v. City of Evanston, Illinois, No. 00 C 6979, 2001 WL 1246630, at *1 (N.D. Ill. Oct. 18,

2001). The common interest doctrine applies "where the information protected from disclosure has been shared with a third party that is involved in a joint defense effort or strategy. Furthermore, the asserted common interest must be legal and not merely commercial or financial." Bowman v. Brush Wellman, Inc., No. 00 C 50264, 2001 WL 1098056, at *2 (N.D. Ill. Sept. 13, 2001) (citing Blanchard v. Edgemark Fin. Corp., 192 F.R.D. 233, 237 (N.D. Ill. 2000)).

This court concludes, as Judge Joiner did on this issue, that the common interest doctrine applies in this case. "At the time the Memorandum was allegedly faxed to Ms. Guerin, both [BDO and J&G] faced the same legal issues concerning their standing before the IRS and common clients." Miron, 04-968, 2004 U.S. Dist. Lexis 22101, at *4 (E.D. Pa. Oct. 19, 2004). Both shared the common interest in ensuring compliance with the new regulation issued by the IRS and making sure that they could properly defend against any potential IRS enforcement action. BDO was not disclosing the memorandum to an unrelated third party, but instead was disclosing the memorandum to a law firm that assisted BDO in providing tax services to its clients. If BDO did not disclose the memorandum then that could have impacted J&G's ability to provide legal advice to BDO and J&G's clients.

The application of the common interest doctrine assumes an intentional decision to disclose the memorandum. If, however, the disclosure was unintentional then there is sufficient case law in this district to support BDO's argument that the disclosure should not deprive it of the protection of the attorney-client privilege.

## CONCLUSION

For the foregoing reasons, the government's motion to reconsider this court's June 2004 decision on BDO's assertion of privilege over document number 95 is denied. (Dkt. No. 152).

ENTER:

JAMES F. HOLDERMAN
United States District Judge

DATE: March 30, 2005