IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 02 C 4822 |
| | ) | |
| BDO SEIDMAN, LLP, | ) | |
| | ) | |
| Respondent, | ) | |
| and | ) | |
| | ) | |
| ROBERT S. CUILLO, et. al., | ) | |
| | ) | |
| Intervenors. | ) | |

## MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge:

On July 26, 2005, the Intervenors filed the pending motion pursuant to Rule 60 of the Federal Rules of Civil Procedure ("Rules"), for relief from this court's May 17, 2005 memorandum opinion and order. (Dkt. No. 191). For the reasons set forth below, this court denies the Intervenors' Rule 60 motion.

## BACKGROUND

As discussed in greater detail in this court's March 30, 2005 and May 17, 2005 opinions, the Internal Revenue Service ("IRS" or "Government"), is currently investigating whether the accounting and consulting firm of BDO Seidman, LLP ("BDO"), sold allegedly unlawful tax shelters to BDO's clients ("Intervenors"). *United States v. BDO Seidman, LLP*, No. 02-4822, 2005 WL 1625002 (N.D. Ill. May 17, 2005); *United States v. BDO Seidman, LLP*, No. 02-4822,

2005 WL 742642 (N.D. Ill. Mar. 30, 2005). This court's March 30, 2005 opinion held that all but one of the 267 documents provided by the Intervenors for this court's *in camera* review were protected from disclosure to the IRS by the attorney-client privilege, the tax practitioner privilege and or the work product privilege. *BDO Seidman, LLP*, No. 02-4822, 2005 WL 742642, at *16. The one exception was document A-40 for which this court held a *prima facie* case had been established requiring the application of the crime-fraud exception to document A-40 and ordered additional briefing from the parties. *Id.* On May 17, 2005, this court held that the Intervenors had failed to meet their burden of providing a sufficient explanation to rebut this court's March 30, 2005 determination of a *prima facie* case for the application of the crime-fraud exception. The court therefore ordered that the Intervenors could not claim privilege to prevent the disclosure of document A-40 to the IRS. *BDO Seidman*, No. 02-4822, 2005 WL 1625002, at *1.

## ANALYSIS

"Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." *Karraker v. Rent-A-Center, Inc.*, 411 F.3d 831, 837 (7th Cir. 2005) (quoting *Cincinnati Ins. Co. v. Flanders Elec. Motor Serv. Inc.*, 131 F.3d 625, 628 (7th Cir. 1997)). "[T]he movant bears the burden of showing that extraordinary circumstances exist which warrant vacating" the earlier order. *Neuberg v. Michael Reese Hosp. and Med. Ctr.*, 166 F.R.D. 398, 399 (N.D. Ill. 1996) (citing *Industrial Assoc., Inc v. Goff Corp.*, 787 F.2d 268, 269 (7th Cir. 1986)). The Seventh Circuit reviews a district court's Rule 60(b) decisions under an abuse of discretion standard. *Easley v. Kirmsee*, 382 F.3d 693, 697 (7th Cir. 2004) (*Castro v. Bd. of Educ.*, 214 F.3d 932, 934 (7th Cir. 2000)).

The Intervenors argue that this court should reexamine its rulings on document A-40 in

light of the Second Circuit's decision in *Denney v. BDO Seidman, LLP*. 412 F.3d 58 (2d Cir. 2005). The Second Circuit's on June 14, 2004 reversed the decision by the Southern District of New York in *Denney*. *Denney v. Jenkens & Gilchrest*, 340 F. Supp. 2d 338 (S.D.N.Y. 2004), *rev'd Denney v. BDO Seidman, LLP*, 412 F.3d 58 (2d Cir. 2005).

The Intervenors' pending Rule 60 motion mischaracterizes the court's March 30th and May 17th opinions and the role that the Southern District of New York's *Denney* opinion played in this court's determination. This court did not rely on the Southern District of New York's *Denney* decision as controlling case law in either the March 30th or May 17th opinions. The reversing of the Southern District of New York's decision in *Denney* does not effect the controlling case law that this court followed in this case, which was the controlling law of the Supreme Court and the Seventh Circuit along with case law from the Northern District of Illinois. *See BDO Seidman, LLP*, No. 02-4822, 2005 WL 742642, at *8 (citing *United States v. Zolin*, 491 U.S. 554, 569 (1989); *United States v. Davis*, 1 F.3d 606, 609 (7th Cir. 1993); *United States v. Segal*, No 02 CR 112, 2004 WL 830428 (N.D. Ill. Apr. 16, 2004); *Vardon Golf Co., Inc. v. Karsten Mfg. Corp.*, 213 F.R.D. 528, 535 (N.D. Ill. 2003); *Pandick Inc. v. Rooney*, No. 85 C 6779, 1988 WL 6110 (N.D. Ill. June 2, 1988)).

The controlling standard of the Seventh Circuit in this case for the application of the crime-fraud exception requires: "(1) a *prima facie* showing of [a crime or] fraud, and (2) the communications in question are in furtherance of the misconduct." *BDO Seidman, LLP*, No. 02-4822, 2005 WL 742642, at *8 (quoting *Vardon Golf Co., Inc. v. Karsten Mfg. Corp.*, 213 F.R.D. 528, 535 (N.D. Ill. 2003); *Pandick Inc. v. Rooney*, No. 85 C 6779, 1988 WL 6110 (N.D. Ill. June 2, 1988)). As this court has previously stated, the Seventh Circuit's explanation in *United States*

*v. Davis* provides the proper method for analyzing the crime-fraud exception:

> [T]o drive away the privilege ... there must be something to give colour to the charge; there must be *prima facie* evidence that it has some foundation in fact. When the evidence is supplied, the seal of secrecy is broken. [The Seventh Circuit has] also noted that *prima facie* evidence did not mean enough to support a verdict in favor of the person making the claim. Instead [the Seventh Circuit has] held that a party has established a *prima facie* case whenever it presents evidence sufficient to require the adverse party, the one with superior access to the evidence and in the best position to explain things, to come forward with that explanation. [The Seventh Circuit has] also stated that if the district court finds such an explanation satisfactory the privilege remains and that the district court's decisions regarding these matters may be disturbed only for an abuse of discretion.

*BDO Seidman, LLP*, No. 02-4822, 2005 WL 742642, at *8 (citing 1 F.3d 606, 609 (7th Cir. 1993) (internal quotations and citations omitted)).

The Intervenors also argue that "the *Denney* reversal is particularly relevant because it was the only case of the three cited by this Court ... where fraud was found to occur." (Dkt. No. 191 at ¶ 21). The problem in the Intervenors' reasoning is that the application of the crime-fraud exception by this court is not based an other court's finding of the existence of a crime or fraud. The standard is "(1) a *prima facie* showing of [a crime or] fraud, and (2) the communications in question are in furtherance of the misconduct." *BDO Seidman, LLP*, No. 02-4822, 2005 WL 742642, at *8 (quoting *Vardon Golf Co., Inc. v. Karsten Mfg. Corp.*, 213 F.R.D. 528, 535 (N.D. Ill. 2003); *Pandick Inc. v. Rooney*, No. 85 C 6779, 1988 WL 6110 (N.D. Ill. June 2, 1988)). "*Prima facie* evidence [does] not mean enough to support a verdict in favor of the person making the claim. Instead, ... a party has established a *prima facie* case whenever it presents evidence sufficient to require the adverse party, the one with superior access to the evidence and in the best position to explain things, to come forward with that explanation." *BDO Seidman, LLP*, No. 02-4822, 2005 WL 742642, at *8 (citing 1 F.3d 606, 609 (7th Cir. 1993) (internal quotations and

citations omitted)).

This court's March 30, 2005 opinion held only that a *prima facie* showing had been made for the application of the crime-fraud exception for document A-40. This court *did not* hold that BDO or the Intervenors had engaged in a crime or fraud. In fact, this court noted that "[t]he question of whether the Intervenors and BDO engaged in unlawful activity, or [alternatively] properly complied with the tax code, is one of the ultimate questions for this litigation." *BDO Seidman, LLP*, No. 02-4822, 2005 WL 742642, at *9. The court's determination on March 30, 2005 was "that a *prima facie* case for the application of the crime-fraud exception" had been established for document A-40 and therefore shifted the burden to the Intervenors, as the party with the "superior access to the evidence and in the best position to explain things, to come forward with that explanation," *United States v. Davis*, 1 F.3d 606, 609 (7th Cir. 1993) (internal quotations and citations omitted), if they wished to rebut the *prima facie* finding. *BDO Seidman, LLP*, No. 02-4822, 2005 WL 742642, at *16.[1]

This court, after considering the parties' arguments and the existing case law, identified eight "Potential Indicators of Fraud that the Court Looked for During the *In Camera* Review of the Submitted Documents" in its March 30, 2005 decision. *BDO Seidman, LLP*, No. 02-4822,

---

[1] The importance of what the court did and *did not* find in its March 30, 2005 opinion is highlighted by the Intervenors' comment that "an erroneous finding that a reputable public accounting firm such as BDO engaged in a crime or fraud could eventually lead to 'Arthur Andersen' type results, where the organization was ruined and tens of thousands of employees lost their jobs. This risk and danger of a hasty judgment is identifiable in the aftermath of the Supreme Court's recent reversal of the Arthur Andersen conviction." (Dkt. No. 191 at ¶ 27) (internal citations omitted). This court clearly noted in its March 30, 2005 opinion that it was finding a *prima facie* case for the application of the crime-fraud exception for document A-40 and that finding is of a lower threshold since it does "not mean enough to support a verdict in favor of the person making the claim." *BDO Seidman, LLP*, No. 02-4822, 2005 WL 742642, at *8.

5

2005 WL 742642, at *12.

This court was clear to point out that although the court considered the eight indicators to be:

> potential indicators of fraud when it performed the *in camera* review[,] ... [t]he court [did] not limit itself to the indicators in determining whether a *prima facie* case [existed] for the application of the crime-fraud exception. Instead this court looks to the "totality of the circumstances," *United States v. BDO Seidman LLP*, No. 02 C 4822, 2002 WL 32080709 (7th Cir. Dec. 18, 2002), surrounding each document in order to determine whether there is "something to give colour to the charge ... so as to require the [Intervenors], the one[s] with superior access to the evidence and in the best position to explain things, to come forward with that explanation." *United States v. Davis*, 1 F.3d 606, 609 (7th Cir. 1993) (internal quotations and citations omitted). Furthermore, it is important to note that an indication of potential fraud does not mean that fraud exists sufficient for a *prima facie* finding. These factors are merely guideposts to assist this court in its *in camera* review.

*BDO Seidman, LLP*, No. 02-4822, 2005 WL 742642, at *12.

The Intervenors' Rule 60 motion improperly labels the eight Potential Indicators to be the "eight-factor *test* to determine whether indicia of potential fraud are sufficient for purposes of establishing the *prima facie* case." (Dkt. No. 191 at ¶ 12) (emphasis added). The eight potential indicators of fraud used by this court were "merely guideposts to assist this court in its *in camera* review," not the controlling "test," as incorrectly suggested by the Intervenors. *BDO Seidman, LLP*, No. 02-4822, 2005 WL 742642, at *12. The court looked not just to the eight identified potential indicators of fraud but to "the totality of the circumstances surrounding each document in order to determine whether there is something to give color to the charge so as to require the Intervenors, the ones with superior access to the evidence and in the best position to explain things, to come forward with that explanation." *Id.* (internal quotations and citations omitted).

The Intervenors' final argument challenges the court's May 17, 2005 opinion in which this court held that the Intervenors had failed to meet their burden of rebutting the court's finding of a *prima facie* case for the application of the crime-fraud exception for document A-40. This

6

court clearly stated in its March 30, 2005 opinion that the burden was shifted to the Intervenors "to come forward with an explanation as to why [document A-40] should not be disclosed to the government under the crime-fraud exception." *BDO Seidman, LLP*, No. 02-4822, 2005 WL 742642, at *16. The Intervenors were put on notice that they needed to provide an explanation to rebut the court's March 30, 2005 finding and they failed at that task. Nothing in their Rule 60 motion remedies that failure.

## CONCLUSION

The Intervenors' Rule 60 motion of July 26, 2005 for relief from this court's May 17, 2005 memorandum opinion and order (Dkt. No. 191), is denied.

ENTER:

*James F. Holderman*
JAMES F. HOLDERMAN
United States District Judge

DATE: August 30, 2005